IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. SEITZ, IV, and HICKORY HILL GROUP, II, LLC | : : : : : | |
| | : | CIVIL ACTION |
| v. | : : | No. 16-4130 |
| EAST NOTTINGHAM TOWNSHIP, et al. | : : : | |

**McHUGH, J.**                                                                                                          **July 18, 2024**

## MEMORANDUM

This is a civil rights case arising out of a dispute over ownership of an access way near an intersection in Chester County. Plaintiffs John R. Seitz IV and Hickory Hill Group, II, LLC claim that East Nottingham Township and various officials[1] violated their constitutional rights by converting their private driveway into a public right-of-way. Defendants contend that the land in question was always public property. Because Plaintiffs' claims in the first instance depend upon their having a property interest, I placed this case in civil suspense to allow a state court to determine the threshold issue of ownership. The Chester County Court of Common Pleas has now ruled that the area at issue constituted a public road. Although that ruling is being appealed, Defendants argue that this case is now ripe for resolution. Their principal argument is that even if Pennsylvania courts were ultimately to reach a different result, the state proceedings to date make clear that Plaintiffs cannot possibly show that claiming the road for public use constituted an abuse of governmental authority that could shock the conscience. I agree and will grant

---

[1] The named officials include Winifred Moran Sebastian, Mark A. Deimler, Pamela J. Scheese, Patricia Brady, William Weaver, Scott Blum, Art Rieck, and Shelley McLeod Meadowcroft.

Defendants' motion for summary judgment as to Plaintiffs' sole remaining claim for violation of substantive Due Process.

**I.      Relevant Background**

Plaintiffs filed an Amended Complaint alleging three counts under 42 U.S.C. § 1983: "Violation of Civil Rights," including substantive due process (Count I); "Deprivation of Liberty without Due Process" (Count II); and a First Amendment violation (Count III).  Am. Compl., ECF 21.  The crux of Plaintiffs' complaint is that Defendants improperly seized their private driveway and converted it to public use.  *Id*. at ¶¶ 56, 59, 192.  Following a motion to dismiss, ECF 24 & 25, I dismissed Counts II and III but retained Count I, finding that Plaintiffs had established standing as to that claim.  ECF 32 at 5.  Shortly thereafter, I placed the case in civil suspense to allow the parties to determine ownership of the disputed area in state court.  ECF 48.

A non-jury trial took place on October 18 and 19, 2021,[2] and the Chester County Court of Common Pleas ruled that, although Hickory Hill Group was the owner of 1041 Hickory Hill Road, the disputed area was a public road by prescription.  Chester Cnty. Ct. of Common Pleas Decision and Order, Mar. 7, 2022, ECF 65 Ex. B at 15.  Plaintiffs have since appealed that decision on the basis that there was an indispensable party missing from the litigation.  ECF 70 at 6-7.  That appeal is currently pending in the Commonwealth Court of Pennsylvania.  ECF 70 at 7.

After receiving a status report, I accepted Defendants' position that this matter is ripe for resolution notwithstanding the continued litigation in state court and invited supplemental briefing on the remaining substantive due process claim.  Defendant Sebastian, solicitor for the Township,

---

[2] The state court proceedings, initiated in the Chester County Court of Common Pleas (Case No. 2018-00315), have been ongoing since January 12, 2018.  ECF 56 at 1.

then moved for summary judgment, ECF 65, a motion that largely mirrors the motion filed by other township officials before the case was stayed, ECF 47.[3]

## II.     Standard of Review

Defendant's motion is governed by the well-established standard for summary judgment set forth in Federal Rule of Civil Procedure 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.    Discussion

To establish a substantive due process violation, a Plaintiff must show: (1) a property interest protected by the Fourteenth Amendment and (2) a deprivation of that interest due to behavior by local officials that shocks the conscience.[4] *Perano v. Twp. of Tilden*, No. 9-745, 2010 WL 1462367, at *7 (E.D. Pa. Apr. 12, 2010) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)), *aff'd* 423 F. App'x 234 (3d Cir. 2011).

As I previously noted in *East Rockhill Township v. Richard E. Pierson Materials Corp.*, the Third Circuit expressly adopted the shocks the conscience standard for property actions in *United Artists Theatre Cir., Inc. v. Township of Warrington*, repudiating the less demanding improper motive test that had previously governed such cases. 386 F. Supp. 3d 493, 499 (E.D. Pa. 2019) (citing 316 F.3d 392, 400-01 (3d Cir. 2003)). What shocks the conscience "varies depending on the factual context." *Eichenlaub v. Twp. Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (quoting *United Artists Theatre Cir.*, 316 F.3d at 400). In the context of property rights and land-use

---

[3] The 2017 Motion echoes Defendant Sebastian's arguments that: (1) the township's actions do not "shock the conscience"; (2) Plaintiffs do not have a property interest in the disputed area; (3) the substantive due process claim is time-barred; and (4) individual Defendants are protected by qualified immunity. Even assuming a property interest exists, because I find that Plaintiffs cannot establish behavior that shocks the conscience, I do not reach the parties' remaining arguments.

[4] Plaintiffs continue to assert, based on their ongoing appeal in state court, that they will ultimately persuade the state courts that they have a property interest.

disputes, the Third Circuit has recognized that evidence of corruption, self-dealing, bias against an ethnic group, intentional interference with constitutionally protected activity, or a virtual "taking" of property may rise to the level of shocking the conscience. *Id.* at 286.  But mere claims of unfair treatment or surprise inspections will not suffice.  *Id.*  Absent egregious behavior such as that described by the Court of Appeals in *United Artists Theatre Circuit*, courts in this Circuit have hesitated to find official behavior in property disputes to shock the conscience.  *See E. Rockhill Twp.*, 386 F. Supp. 3d at 499-500 ("Numerous district courts in this circuit have concluded that even official actions alleged to be wrong, unfair, taken in bad faith, or intended to delay do not suffice to shock the conscience, and in each instance these decisions were affirmed.") (listing cases); *see also, e.g.*, *Thorpe v. Upper Makefield Twp.*, 271 F. Supp. 3d 750, 755 (E.D. Pa. 2017) ("[E]ven if the Court were to accept Plaintiffs' arguments that Defendants acted unfairly toward them in the enforcement of zoning and other land-use regulations, Plaintiffs have not produced evidence from which a reasonable jury could conclude that it was animated by corrupt motives or by racial bias.") *aff'd*, 758 F. App'x 258 (3d Cir. 2018); *Highway Materials, Inc. v. Whitemarsh Twp.*, No. 2-3212, 2004 WL 2220974, at *16 (E.D. Pa. Oct. 4, 2004) (holding that a misapplication of state and local ordinances and a deviation from usual procedure, without more, did not shock the conscience), *aff'd*, 386 F. App'x 251 (3d Cir. 2010).

      Plaintiffs have supplemented their complaint with an affidavit from Mr. Seitz which describes a pattern of alleged harassment and potentially improper motivations by township officials.  For example, Seitz asserts that the township officials forced the removal of barricades on the private driveway, altered drainage infrastructure that led to flooding, selectively enforced regulations against his family's business, and potentially misused public funds. ECF 70 Ex. A ¶¶ 16, 17, 21, 33.  But most of these actions, if not all, at least relate in some way to legitimate

exercises of governmental authority over a public right of way.  Even if Plaintiffs somehow prevail on their claim of ownership, Defendants' actions are consistent with the Township's legal position.  Proof that their specific conduct was excessive, or in some respect improper, would not rise to the level of such an arbitrary abuse of power as to violate the Constitution.  Seitz summarily asserts that these actions were motivated by personal animosity and a desire to force the closure of the family business or gain control of the property for development purposes but does so with no supporting facts.  *See id.* ¶¶ 12-14.  Such conclusory allegations are wholly implausible against the backdrop of lengthy litigation in state court resulting in a ruling that the strip of land in question was public well before Plaintiffs' acquisition of the property.

Moreover, the parties previously engaged in discovery as to the existence of a public right of way on the disputed parcel.  ECF 41.  Plaintiffs now assert "evidence has been presented, or may be acquired through discovery, that supports Plaintiffs' claim of conscience-shocking behavior."  ECF 70 at 2.  As to evidence presented, Plaintiffs have not identified conduct that would shock the conscience and fail to specify what further discovery would reveal.

"Land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives."  *United Artists Theatre Cir.*, 316 F.3d at 402.  Even if the state trial court is proven wrong in its conclusion on appeal – an unlikely outcome given the fact-specific nature of its analysis following a non-jury trial – its conclusions make clear that there was ample basis for local officials to assert authority over the land in question.  Necessarily, therefore, Defendants conduct falls outside the category of "egregious official conduct" meeting the "conscience-shocking" standard.  *Eichenlaub*, 385 F.3d at 285 (quoting *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Because no reasonable juror could find that Defendants' conduct constituted conscience-shocking behavior, even if the allegations in the Complaint and Seitz' affidavit were proven true, I will dismiss Plaintiffs' only remaining claim of a substantive due process rights.[5]

## IV.  Conclusion

For the reasons set forth above, Defendants' Motions for Summary Judgment will be granted.  An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge

---

[5] Defendant Sebastian also advances a persuasive argument that she is not a state actor, but I find no need to reach that issue.